IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

TAMMY L. MALALLY,

           Plaintiff,

    v.

BAC HOME LOAN SERVICING,
LLC,

        Defendant.

CIVIL ACTION FILE NO.

3:10-CV-0074-JTC-JFK

## **FINAL REPORT AND RECOMMENDATION**

Defendant BAC Home Loan Servicing, LP ("BAC") has filed a motion to dismiss the complaint in the above-styled matter pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  [Doc. 8].  The docket reflects that Plaintiff Tammy L. Malally has not responded to the pending motion.

When a plaintiff fails to respond to a motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b), granting the motion based solely on the party's failure to respond is within the discretion of a district judge.  See Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998).  And see LR  7.1B, N.D. Ga. ("[f]ailure to file a response shall indicate that there is no opposition to the motion").  Courts have not, however, as a general rule, automatically granted a motion to dismiss a complaint for failure to file a timely response, when doing so would be dispositive of the litigation.  See Perkins

v. St. John Fisher College, 2006 WL 2728902, at *1 (W.D. Tex. July 21, 2006) (denying defendants' request to grant their motions to dismiss as unopposed) (citing Johnson v. Pettiford, 442 F.3d 917, 918 (5ᵗʰ Cir. 2006)); Raphael v. Hackett, 2006 WL 3334387, at *2 (S.D. Miss. Nov. 13, 2006) (same).  Accordingly, the court has reviewed the merits of Defendant's motion.

## I.      Facts and Procedural History

The following factual allegations are found in Plaintiff's "Complaint for and [sic] Damages and Motion for Permanent Injunction" and the attachments thereto. [Doc. 5].  Plaintiff alleges that she "is the owner of the real property located at 412 N. Peachtree Pkway, Peachtree City, Georgia  30269" located in Fayette, County, Georgia, and that she has owned "her primary residence since April 12, 2004."  [Id., Introduction].  In the section of the complaint labeled "Statement of Facts," Plaintiff asserts that on April 12, 2004, she "obtained a loan for the original purchase of property located at 412 N. Peachtree Pkwy., Peachtree City, Georgia 30269" with The First State Bank.  [Id., Statement of Facts, ¶ 1].  The attachments to Plaintiff's complaint demonstrate that (1) on April 12, 2004, The First State Bank assigned its interest in the security deed to Mortgage Electronic Registration System, Inc. ("MERS"), with the assignment recorded on April 28, 2009 [Doc. 5, Ex. C], and (2)

2

on February 28, 2010, MERS assigned its interest in the security deed to Defendant BAC with the assignment recorded on May 3, 2010 [Id.].[1]  Plaintiff states that BAC has threatened to foreclose on the property "but lacks Legal standing to do so." [Doc. 5, Statement of Facts, ¶ 5].  Plaintiff also asserts that she has applied for modification of her loan "on numerous times and alleges" that the "Georgia Code regarding Promissory Estoppel" has been violated.  And Plaintiff states that she "rescinded her mortgage under TILA's three year extended Right to Cancel and alleges numerous TILA violations."  [Id., ¶¶ 6-7].

In the section of the complaint labeled, "Argument and Legal Authority," Plaintiff first states that Defendant violated state law, specifically O.C.G.A. § 44-14-162(b), which requires that any security interest or assignment of the interest be filed

---

[1]In the complaint, to the contrary, Plaintiff states that "MERS is the current holder of the security deed on the subject property" and that BAC claims to hold the security but has offered no proof of the validity of the claim.  [Id., Statement of Facts, ¶¶ 3-4].  These conclusory, unsupported allegations do not control over the undisputed exhibits attached to Plaintiff's complaint.  See Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009) ("It is the law in this Circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'") (quoting Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations.  Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.")).

with the clerk of the superior court prior to the time of the sale and that Defendant did not comply with the statute in bringing the foreclosure action. [Doc. 5, Count One-Lack of Standing, at 4-5]. And, within this section, Plaintiff also contends that the Fifth Amendment of the U.S. Constitution, applicable to the States through the Fourteenth Amendment, has been violated generally asserting that she has been "deprived of life, liberty, or property without 'due process of law.'" [Id. at 5-6]. Plaintiff also cites to the Uniform Commercial Code ("U.C.C.") statutory requirements and makes other general claims that Defendant must prove possession of the original promissory note and other documents to establish standing to bring the foreclosure action. [Id. at 6-18].

Plaintiff next contends that there was a fraudulent assignment, that she sent a Qualified Written Request on May 12, 2010, to which Defendant has not responded, that she exercised her right to rescind the mortgage note due to the fraudulent assignment, and that the assignments of the security interest somehow violated Fed. R. Civ. P. 42(b). [Doc. 5, Fraudulent Assignment, at 18-21]. Attached to the complaint is a letter dated May 6, 2010, addressed to BAC Home Loan Servicing, Bank of America, % CT Corporation Systems, 1201 Peachtree St., Suite 300, Atlanta,

4

Ga. 30361,[2] referencing loan number 0223318801, and the property at issue, with a statement that Plaintiff was exercising her rights under Georgia Statutes concerning fraud and "RESPA, sections 3500.14 and 3500.15 to rescind" the mortgage loan. [Doc. 5, Ex. B].  Plaintiff further states in the letter that it is a "Qualified Written Request" pursuant to RESPA and demands an accounting of her loan, including loan disbursements, all charges, all payments paid to date, and the principal balance.  [Id.].

In the next section of the complaint, Plaintiff asserts that Defendant made promises to Plaintiff regarding modification of the loan and forbearance of foreclosure that were not fulfilled and which establish a violation of O.C.G.A. § 13-3-44.  [Doc. 5, Promissory Estoppel, at 21-23].  Plaintiff contends that in late April 2010, she spoke with individuals with Defendant BAC about modifying the loan and that she sent $4,000 to BAC for the purpose of obtaining a "forebearance [sic] agreement." Although Defendant failed to comply with forbearance, Plaintiff asserts that her money has not been returned to her.  [Id., Ex. D].  Plaintiff also asserts that Defendant is a predatory lender based on the loan rate of 5.75% on the thirty-year loan originally set

---

[2]On the assignment filed in the Superior Court on May 3, 2010, the address for BAC is listed as "2270 Lakeside Blvd, Richardson, TX 75082," and on a notice regarding the loan payments sent to Plaintiff on May 12, 2010, the address for BAC is "PO BOX 650070, Dallas, Tx 75265-0070."  [Doc. 1, Exs. C and D].

5

when the loan closed in April 2004 and that Defendant "breached its legal duty to act fairly and in good faith. . . ."  [Id. at 23-24, Ex. A].

The next section of the complaint, labeled "TILA & RESPA Violations," sets out legal arguments and analysis concerning a "Borrower's Right to Rescind," "The Right to Cancel," "The TILA Disclosure Form," "Disclosure Accuracy Tolerances," and "The Rescission Process" with little to no factual allegations, excepting conclusory statements that Plaintiff was not accorded full disclosures extending the time period for her right to rescission, that her APR was miscalculated and the finance charge was incorrect, and that she did not receive HUD-1 disclosure prior to closing which is a RESPA violation.  [Doc. 5, TILA & RESPA Violations, at 24-32].

Finally, as relief for the TILA violations, she seeks rescission of the transaction, award of the value of the security interest in the property, return of all monies and property given by Plaintiff, statutory damages, injunction against foreclosure, award of actual damages, award of fees and costs, and payment of punitive damages of $100,000, as well as any other relief deemed just by the court.  [Id., Prayer for Relief, at 32-34].

Defendant BAC moved to dismiss the complaint contending that the complaint is a shotgun pleading and fails to comply with Federal Rules of Civil Procedure

6

pleading requirements [Doc. 8 at 4-9], that the state law claims are insufficiently pled to state a claim [Id. at 12], and that Plaintiff's TILA claims, besides being inadequately pled, are also time-barred and do not state a rescission claim [Id. at 12-15].  As noted, Plaintiff did not respond to the motion to dismiss.

Additional facts will be set forth as necessary in discussion of the motion to dismiss.

## II.    Standard of Law

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint's factual allegations are assumed true and construed in the light most favorable to the plaintiff. Hardy v. Regions Mortgage, Inc., 449 F.3d 1357, 1359 (11th Cir. 2006); M.T.V. v. DeKalb County Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006).   However, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true." Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974).

The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim.  The rules of notice pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2) (as amended 2007).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

7

detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted); see also Financial Security Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that notice pleading does not require specific facts to be pled for every element of a claim or that claims be pled with precision, but "it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory'") (citations omitted). As the Supreme Court held in Twombly and has now reiterated in Ashcroft v. Iqbal, the pleading standard in Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . '[N]aked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 127 S. Ct. at 1965); and see Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). Accordingly, the Supreme Court has made clear that "the tenant that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

8

statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)[.]" Twombly, 127 S. Ct. at 1965. "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67). However, a court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998); and see Jones v. United Parcel Service, Inc., 2008 WL 282311, at *4 (N.D. Ga. January 31, 2008) (it is well settled that "[d]ismissal of a complaint is

appropriate 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action'") (citation omitted).

The law establishes that "[a] document filed *pro se* is 'to be liberally construed' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" <u>Erickson</u>, 127 S. Ct. at 2200 (citations omitted).  Nevertheless, nothing in that leniency excuses a plaintiff from compliance with threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." <u>Grigsby v. Thomas</u>, 506 F. Supp. 2d 26, 28 (D. D.C. 2007).

The court will apply these standards in ruling on Defendant's motion to dismiss the complaint.

## III.   Discussion

### a.     Shotgun Pleading

Defendant initially attacks the complaint asserting that it is a shotgun pleading which does not comply with federal rule pleading standards.  Defendant is correct. The Eleventh Circuit has admonished litigants for filing shotgun pleadings. <u>See Bailey v. Janssen Pharmaceutica, Inc.</u>, 288 Fed. Appx. 597, 602-03 (11th Cir. 2008) (citations

10

omitted).  "A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" Lampkin-Asam v. Volusia County Sch. Bd., 261 Fed. Appx. 274, 277 (11th Cir. 2008) (citing Byrne v. Nezhat, 261 F.3d 1075, 1128-29 (11th Cir. 2001)).  And "a defendant faced with a shotgun complaint is not expected to frame a responsive pleading." McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., 2009 WL 92846, at *2 (M.D. Fla. January 14, 2009) (citing Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996)); see also Bailey, 288 Fed. Appx. at 603 (same).

The complaint, similar to a shotgun pleading, begins with short statement of conclusory allegations, less than one page, followed by almost thirty pages under the label "Argument and Legal Authority." [Doc. 5]. See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998) ("These types of cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. . . .").  Buried within this lengthy discourse on federal and state law relating to mortgage loan transactions, foreclosure, estoppel and recitation of pages of legal opinions are more conclusory statements of alleged wrongdoing by Defendant.  Most of the information related is of a general nature

AO 72A
(Rev.8/82)

having little to do with, as best the court can discern, the facts pertaining to Plaintiff's cause of action.  [Id.].  Legal citations and arguments have no place in a complaint. See Watson v. Ault, 525 F.2d 886, 894 (5th Cir. 1976).[3]  Defendant is not expected to frame a responsive pleading to Plaintiff's shotgun general allegations and legal arguments.  McWhorter, 2009 WL 92846, at *2.

The second argument in support of dismissing the complaint is that the complaint does not comply with the permissive notice pleading requirements under the Federal Rules of Civil Procedure.  [Doc. 8 at 7-9].  Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (as amended 2007).  And Rule 10(b) provides in pertinent part that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . [E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ." Fed. R. Civ. P. 10(b) (as amended 2007).  "These rules work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern

---

[3]On October 1, 1981, Congress divided the Fifth Circuit of the United States Court of Appeals into the new Fifth and Eleventh Circuits.  Decisions rendered by the old Fifth Circuit are binding as precedent to courts within the Eleventh Circuit, unless later overruled by the Eleventh Circuit or the Supreme Court.  Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

what he is claiming and frame a responsive pleading [and so that] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted. . . ." Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 980 n.57 (11th Cir. 2008). The pleading standard in Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . '[N]aked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Iqbal, 129 S. Ct. at 1949 (citation omitted). And the court is not required to "parse the complaint" searching for allegations that could conceivably form the basis of Plaintiff's claims. Ferrell v. Durbin, 311 Fed. Appx. 253, 259 (11th Cir. 2009).

For the most part Defendant's arguments are well-taken. For example, the claim that the Real Estate Settlement Procedures Act ("RESPA") was violated by failure to provide HUD-1 forms prior to closing is a one-line allegation buried within the legal discourse and within allegations that TILA disclosures were not made as required, in a section of the complaint that makes no other reference to RESPA except for the title of the section.[4] [Doc. 5, TILA & RESPA Violations, at 30]. Accordingly, with the

---

[4]Even if this claim were properly pled with supporting facts, Plaintiff could not state a claim for relief. Although § 2604 of RESPA requires that lenders provide prospective borrowers seeking a federally-related mortgage loan with a special

exception of the claims identified by the court herein as being presented "with such clarity and precision that the defendant [is] able to discern what the plaintiff is claiming and to frame a responsive pleading," Anderson, 77 F.3d at 366-67, the court **RECOMMENDS** that any other federal claims raised by Plaintiff in the complaint be **DISMISSED** for failing to comply with Fed. R. Civ. P. 8 and failing to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 127 S. Ct. at 2200.

### b.    TILA

Plaintiff contends that she was not provided in connection with the loan closing with The First State Bank on April 12, 2004, all of the required disclosures, including the right to rescind and a correct calculation of APR and the finance charges.  Plaintiff

---

information booklet prepared by the Secretary of Housing and Urban Development explaining the nature and costs of real estate settlement services, see 12 U.S.C. §§ 2604(a)-(d), RESPA only provides private actions for violations of §§ 2605, 2607 and 2608.  See 12 U.S.C. § 2614.  A private cause of action does not exist under RESPA for violations to § 2604.  See Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997) (per curiam) ("There is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations relating to it."); De Jesus-Serrano v. Sana Inv. Mortg. Bankers, Inc., 552 F. Supp. 2d 191, 195 (D. P.R. 2007) (no private civil action for a violation of section 2604(c) or (d)) (citing Collins, 105 F.3d at 1368); Reese v. 1st Metro. Mortg. Co., 2003 WL 22454658, at *4 (D. Kan. October 28, 2003) (no private right of action for § 2604(d)); Campbell v. Machias Sav. Bank, 865 F. Supp. 26, 32 (D. Me. 1994) (same).

14

also contends that Defendant did not respond to the rescission notice sent in May 2010. She seeks to rescind the mortgage loan transaction, enjoin the foreclosure, and obtain statutory and other damages.  [Doc. 5].

With respect to the alleged non-disclosure violations, Defendant contends that the statute of limitations bars Plaintiff's claims for relief.   [Doc. 8 at 13-14]. Defendant is correct.  "To bring an affirmative action against a creditor for damages for violation of the Truth in Lending Act, the debtor must bring the action 'within one year from date of occurrence of the violation.'"  In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984) (citing 15 U.S.C. § 1640(e)).[5]  "The violation 'occurs' when the transaction

_____

[5]Section 1640(e) provides in pertinent part:

Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

15 U.S.C. § 1640(e).  The statute further provides:

This subsection does not bar a person from *asserting* a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation *as a matter of defense by recoupment or set-off* in such action, except as otherwise provided by State law.

Id. (emphasis added).  But that is not the case here.  Plaintiff has not asserted her claim as a defense in an action by Defendant.

15

is consummated." <u>Id.</u> (citing <u>Wachtel v. West</u>, 476 F.2d 1062, 1065-66 (6th Cir. 1973)). Nondisclosure is not a continuing violation for purposes of the statute of limitations when damages are sought. <u>See</u> <u>Smith</u>, 737 F.2d at 1552. Therefore, because Plaintiff seeks damages based on alleged nondisclosures, she had one year from the date the loan transaction was consummated to file any claims for damages under TILA. The loan was consummated on April 12, 2004. [Doc. 5, Statement of Facts, ¶ 1]. Plaintiff waited until more than six years after the alleged violations occurred to file the instant complaint. Plaintiff's TILA damages claims are therefore untimely.

Although not clear if raised in relation to the TILA non-disclosure claims, Plaintiff makes references in the complaint to one or more of her claims being equitably tolled due to fraud. [<u>See</u> Doc. 5, Count One-Lack of Standing, at 5; Promissory Estoppel, at 24]. TILA's one year period of limitations is subject to equitable tolling "in cases where the debtor has been prevented from bringing suit due to inequitable circumstances." <u>Velardo v. Fremont Inv. & Loan</u>, 298 Fed. Appx. 890, 892 (11th Cir. 2008) (citing <u>Ellis v. GMAC</u>, 160 F.3d 703, 706 (11th Cir. 1998); <u>and</u> <u>see</u> <u>Williams v. Saxon Mortg. Servs. Inc.</u>, 2007 WL 2828752, at *3 (S.D. Ala. September 27, 2007) (citing <u>In re Community. Bank of Northern Virginia</u>, 418 F.3d [277,] 304-05

16

[(3rd Cir. 2005)] (observing that claims under TILA are subject to equitable tolling)). Equitable tolling requires "affirmative concealment on the part of the lender – something more than mere nondisclosure." Chevy Chase Bank, F.S.B. v. Carrington, 2010 WL 745771, at *2 (M.D. Fla. March 1, 2010) (citations omitted); and see, e.g., Carillo v. Bank of New York, 2009 WL 5708925, at *3 (S.D. Fla. December 22, 2009) ("TILA statute of limitations may be equitably tolled where a defendant has fraudulently concealed the cause of action from the plaintiff.") (citations omitted).

All of Plaintiff's assertions that equitable tolling applies relate to the alleged "fraud" that she did not discover until she received a forensic audit of her loan in May 2010. [See Doc. 5, Count One-Lack of Standing, at 5; Promissory Estoppel, at 24]. "Courts have denied tolling . . . [w]here a plaintiff relies . . . on the same allegations of fraud which constitute the TILA violation (such as failing to disclose certain finance charges) to prove fraudulent concealment [explaining that] if failure to make TILA disclosures also tolled the limitations period for pursuing TILA claims, then the statute of limitations would be rendered meaningless because those non-disclosures are the very essence of a TILA violation in the first place." Carillo, 2009 WL 5708925, at *3 (internal quotations and citation omitted). Thus, equitable tolling does not apply in this case to extend the one-year statute of limitations on Plaintiff's allegations of non-

17

disclosure TILA violations.  The claims are barred by the statute of limitations and should be dismissed with prejudice.

Plaintiff also seeks to rescind her loan transaction and for damages for failure to respond to the rescission notice.  Defendant correctly points out that Plaintiff does not have a right to rescind the loan to purchase her primary residential dwelling.  [Doc. 8 at 14-15].  TILA and its implementing regulation, Regulation Z, 12 C.F.R. § 221, expressly exempt residential mortgage loans from a right to rescission.  See 15 U.S.C. §§ 1602(w) and 1635(e); 12 C.F.R. §§ 226.23(a) and (f).  And see Landayan v. Washington Mutual Bank, 2009 WL 3047238, at *2 (N.D. Cal. September 18, 2009) (plaintiff cannot seek rescission under TILA when loan was used to finance the acquisition of the plaintiff's primary dwelling); Crittenden v. HomeQ Servicing, 2009 WL 3162247, at *4 (E.D. Cal. September 29, 2009) (same) (citing Kamara v. Columbia Home Loans, LLC, 654 F. Supp. 2d 259, 264 (E.D. Pa. July 24, 2009); Betancourt v. Countrywide Home Loan, Inc., 344 F. Supp. 2d 1253, 1261 (D. Colo. 2004)).  See also Williams v. Homestake Mortg. Co., 968 F.2d 1137, 1139 n.5 (11th Cir. 1992) (recognizing that rescission under § 1635(a) only "applies to those transactions in which the creditor retains a security interest, other than a first mortgage,

18

on the consumer's principal residence").[6]

The loan at issue was used for the purchase of Plaintiff's home.  [Doc. 5, Introduction, at 2-3; Statement of Facts, ¶ 1].  As a result, Plaintiff cannot seek rescission under TILA as a matter of law.[7]  Accordingly, Defendant was under no duty to respond to the notice of rescission, *even if* received, which is doubtful.[8]

For these reasons, the court **RECOMMENDS** that Plaintiff's TILA claims be **DISMISSED WITH PREJUDICE**.

---

[6]District Judges in the Northern District of Georgia have adopted the court's report and recommendations on this specific point, i.e., that residential mortgage loans are expressly exempted from a right to rescission.  See  Berry v. Countrywide Home Loans, Inc., Civil Action No. 1:09-CV-2340-RLV, Order dated February 22, 2010 [Doc. 23]; Bates v. Countrywide Home Loans, Civil Action No. 1:09-CV-2036-ODE, Order dated January 6, 2010 [Doc. 25].

[7]Additionally, Plaintiff has not sought to rescind the loan within the most lenient period allowed under the statute, that is, within three years of the loan transaction.  See McMillian v. AMC Mortg. Servs., Inc., 560 F. Supp. 2d 1210, 1217 (S.D. Ala. 2008); 15 U.S.C. § 1635(f).  The "rescission" letter attached to Plaintiff's complaint indicates that it was mailed on May 6, 2010, which is more than six years after the loan closing. [Doc. 5, Ex. B].  "TILA plaintiffs must bring their rescission action within the three-year period set forth in 15 U.S.C. § 1635(f)."  Chevy Chase Bank, F.S.B., 2010 WL 745771, at *2 (citing Smith, 737 F.2d at 1554).  "The three-year rescission period supplied by 1635(f) is emphatically *not* a statute of limitations that is subject to tolling."  McMillian, 560 F. Supp. 2d at 1215 (citation omitted) (emphasis in original).

[8]See discussion in subsection "c.  RESPA", *infra*.

19

### c.     RESPA

Besides the RESPA claim noted *supra*, Plaintiff also contends that she sent a "Qualified Written Request" ("QWR") to Defendant in May 2010 to which Defendant did not respond. [Doc. 5, Fraudulent Assignment, at 19, Ex. B].[9] "Under RESPA, loan servicers 'ha[ve] a duty to respond to a borrower's inquiry or qualified written request. 12 U.S.C. § 2605(e).'" Williams v. Wells Fargo Bank, N.A., Inc., 2010 WL 1463521, at *2 (N.D. Cal. April 13, 2010) (citation omitted).   A qualified written request ("QWR"), however, "must meet several statutory requirements[,]" including, requesting "information relating to the servicing of a loan[,]" § 1605(e)(1)(A), providing "sufficient information for the servicer to identify the name and account of the borrower[,]" § 2605(e)(1)(B)(i), and setting forth either "a statement of the reasons for the borrower's belief, to the extent applicable, that the account is in error or provide sufficient detail to the servicer regarding other information sought by the borrower[,]"

---

[9]Defendant did not include in the motion to dismiss a challenge to this claim; however, the court notes that much like the HUD-1 non-disclosure claim referenced *supra*, this RESPA claim was buried in a lengthy discourse on why the assignment to Defendant was fraudulent; it was not set forth in the section of the complaint labeled "TILA & RESPA Violations."   Plaintiff is not harmed by the court *sua sponte* addressing this RESPA allegation because she will have the opportunity to object to the recommendation to dismiss the claim following filing of this report and recommendation.  See Martin v. Citimortgage, 2010 WL 3418320, at *6 n.8 (N.D. Ga. August 3, 2010).

AO 72A
(Rev.8/82)

§ 2605(e)(1)(B)(ii).  Id.; see also Jensen v. Quality Loan Service Corp., 702 F. Supp.

2d 1183, 1195-96 (E.D. Cal. 2010) (same).  If a loan servicer fails to respond to a

QWR, then a borrower "may recover actual damages and additional damages not to

exceed $1,000 if the Court finds a pattern or practice of noncompliance."  Reese v.

JPMorgan Chase & Co., 686 F. Supp. 2d 1291, 1305 (S.D. Fla. 2009) (citing 12 U.S.C.

§ 2605(f)).

The complaint, with respect to Plaintiff's § 2506(e) claim, is deficient even upon

consideration of the attachments to the complaint.  In the complaint, in a conclusory

statement, Plaintiff asserts that she "sent a Qualified Written Request on May 12,

2010[,] and was received by Defendant on May 14, 2010.  Defendants did not respond

in the 20 day period and are in default."  [Doc. 5, Fraudulent Assignment, at 19].

Plaintiff does not provide any allegation of fact regarding the address to which the

QWR was sent, that the QWR was sent to the address  provided by Defendant for

receipt of such inquiries, or the manner by which she knows Defendant received the

QWR.  Plaintiff also does not provide any information about the contents of the May

12, 2010, mailing. [Id.].  If a letter was sent on May 12, 2010, which Plaintiff contends

was a QWR, the facts as plead in the complaint do not state a claim upon which relief

can be granted.  See Lucero v. Diversified Inv. Inc., 2010 WL 3463607, at *4 (S.D.

Cal. August 31, 2010) ("because [the plaintiffs] do not allege the contents of the QWR or attach it to their Complaint, it is unclear whether Plaintiffs included enough information for the servicer to identify them, or asked for information covered by 12 U.S.C. § 2605"); Carrillo, 2009 WL 5708925, at *4 (§ 2605(e) claim failed to state a cause of action because, among other deficiencies, the complaint "does not indicate the subject matter of the written correspondence").

As the court noted *supra*, attached to the complaint is a letter dated May 6, 2010, which was addressed to BAC Home Loan Servicing, Bank of America, % CT Corporation Systems, 1201 Peachtree St., Suite 300, Atlanta, Ga. 30361, which arguably is a QWR. [Doc. 5, Ex. B]. However, if that is the letter to which Plaintiff is referring in the body of her complaint, she has failed to sufficiently allege facts that support her conclusory allegation that Defendant received the QWR. The facts pled do not establish that the address to which the QWR was sent, % CT Corporation Systems, 1201 Peachtree St., Suite 300, Atlanta, Ga. 30361, is a location identified by Defendant for receipt of such inquiries.

"Pursuant to the statute's plain language, a loan servicer's duty to provide information to the borrower is triggered only when it receives a qualified written request from the borrower or the borrower's agent. Consistent with this plain

language, numerous courts have dismissed a borrower's RESPA claim where the borrower failed to communicate directly with the servicer of the loan." Bishop v. Quicken Loans, Inc., 2010 WL 3522128, at *6 (S.D. W.Va. September 8, 2010) (citing, e.g., Carter v. Countrywide Home Loans, Inc., 2009 WL 2742560, at **20-21 (E.D. Va. August 25, 2009) ("observing that, where borrower alleges that servicer failed to comply with RESPA, borrower must demonstrate that [he] mailed the qualified written request to the proper address, such that servicer's duties to respond were triggered under the statute") (internal quotation marks omitted); Griffin v. Citifinancial Mortg. Co., 2006 WL 266106, at **6-7 (M.D. Pa. February 1, 2006) ("holding that servicer had no duty to respond to written request sent to servicer's counsel"); Bally v. Homeside Lending, Inc., 2005 WL 2250856, at *7 (N.D. Ill. September 8, 2005) ("concluding that only a request sent to the address identified by servicer constitutes qualified written request")).[10]   The attachments to Plaintiff's complaint provide other addresses for communication with Defendant, all located in

---

[10]Section 3500.21(e)(1), of the Code of Federal Regulations, which is promulgated by the Department of Housing and Urban Development to implement RESPA, provides in pertinent part:  "By notice either included in the Notice of Transfer or separately delivered by first class mail, postage prepaid, a servicer may establish a separate and exclusive office and address for the receipt and handling of qualified written requests."  24 C.F.R. § 3500.21(e)(1).

Texas, not Georgia.  In the assignment filed in the Superior Court on May 3, 2010, the

address for BAC is listed as "2270 Lakeside Blvd, Richardson, TX 75082," and on a

notice[11] regarding the loan payments which was sent to Plaintiff on May 12, 2010, the

address for BAC is "PO BOX 650070, Dallas, Tx 75265-0070."  [Doc. 5, Exs. C and

D].

Plaintiff has not alleged Defendant's receipt of nor attached any communication

from Defendant that demonstrates that CT Corporation Systems, located in Atlanta,

Georgia, is the proper recipient for a QWR on behalf of Defendant.[12]  In Carter, the

court stated, "Although relevant case law is limited as to the issue of whether an agent

may properly 'receive' a qualified written request pursuant to 12 U.S.C. §

2605(e)(1)(A), it appears clear, based on a plain reading of the statute, that if a servicer

is permitted to assign agents for receipt of qualified written requests, the agent would

---

[11]The court notes that Plaintiff only included pages 1 and 3 of this notice.  [Doc. 5, Ex. D].

[12]Although CT Corporation Systems located at 1201 Peachtree St., Suite 300, Atlanta, Ga. 30361, is the registered agent for Bank of America (of which Defendant BAC is a subsidiary) for the purpose of service of process, that designation extends only to acting as an agent for receipt of the summons and complaint filed in connection with instituting civil litigation.  See http://www.sos.georgia.gov/corporations (last visited September 29, 2010).  Nothing in Defendant's registration with the Secretary of State includes a designation of CT Corporation Systems as the recipient of a QWR.

24

have to be specifically designated for such a purpose in order for the servicer's duties to be implicated under the statute." 2010 WL 2742560, at *8.  The complaint does not allege, and given the attachment to the complaint indicating that the QWR was not mailed to Defendant, the court finds Plaintiff cannot allege, that Defendant's obligation to respond pursuant to § 2605(e) was triggered by the May 2010 letter.

Additionally, even if Plaintiff could plead facts establishing that Defendant received the QWR, this claim would nevertheless not survive that motion to dismiss. "Put simply, plaintiff[ ] ha[s] failed to allege that any RESPA violation resulted in actual damages." Bishop, 2010 WL 3522128, at *6 (citing 12 U.S.C. § 2605(f)(1)(A)). Either actual damages or a pattern or practice of noncompliance is necessary for a plaintiff to recover on a claim based on § 2605(2).  See Reese, 686 F. Supp. 2d at 1305.[13]  Plaintiff does not allege how the failure to respond to the QWR caused her harm.  As stated by the court in Bishop, "Such a pleading requirement 'has the effect

---

[13]RESPA provides for neither equitable nor injunctive relief, including relief from foreclosure.  See Christ v. Beneficial Corp., 547 F.3d 1292, 1298 (11th Cir. 2008) (finding the TILA does not "confer upon private litigants an implied right to an injunction or other equitable relief"); Wilson v. Saxon Mortg. Servs., Inc., et al., No. 1:08-CV-3630-CAP (N.D. Ga. Dec. 1, 2008) (finding, "after a review of both the governing and persuasive case law," that the court "does not have authority to issue injunctive relief under TILA or RESPA"); Mullinax v. Radian Guaranty, Inc., 199 F. Supp. 2d 311, 333 (M.D. N.C. 2002) (finding that injunctive relief is not available under RESPA).

25

of limiting the cause of action to circumstances in which plaintiffs can show that a [failure to comply with RESPA] has cause them actual harm.'"  2010 WL 3522128, at *6 (quoting Allen v. United Finincial Mortg. Corp., 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009)).

For these reasons, the court **RECOMMENDS** that Plaintiff's RESPA claims be **DISMISSED WITH PREJUDICE**.

### d.    Produce the Promissory Note and Related Documents

Throughout the complaint, Plaintiff asserts that Defendant lacks standing to foreclosure on the property without establishing that it is the entity holding the note on the loan transaction.  This claim is primarily based on the unsupported contention that the assignment from The First State Bank to MERS and then to BAC is fraudulent.[14] [Doc. 5, Statement of Facts, ¶¶ 2-4; Count One-Lack of Standing, at 4, 7-10, 12, 17-18; Fraudulent Assignment, at 19-20].  Plaintiff does not cite to any federal statute or regulation that establishes the failure to present the "note" constitutes a violation of

---

[14]As the court set forth *supra*, the attachments to the complaint demonstrate contrary to Plaintiff's conclusory allegations that the assignment to MERS and then to BAC were duly recorded with the Clerk of Superior Court.  [Doc. 5, Exhibit C].

26

that statute or regulation.[15]  And courts addressing virtually identical assertions have rejected "produce the note" arguments.  See, e.g., Frazier v. National City Bank, NA, 2005 WL 2671371, at *4 (S.D. Ohio October 19, 2005) (rejecting produce the note argument and granting motion to dismiss complaint); Bacon v. Decatur Federal Sav.& Loan Ass'n, 169 Ga. App. 538, 313 S.E.2d 727 (1984) (stating that best-evidence rule is inapplicable in connection with admission of copies of original notes and security deeds; production of originals not required)[16]; Tanner v. Batson, 123 Fla. 240, 166 So. 545 (1936) (alleged failure to produce original note or establish satisfactory reason for its absence held not fatal).

---

[15]See Aguilar v. WMC Mortg. Corp., 2010 WL 185951, at *3 (D. Nev. January 15, 2010) (the court rejected the plaintiff's claim that when a request is made for documents relating to the mortgage loan, the note must be produced or proof of ownership submitted, stating that the allegation "is not only too vague to survive a motion to dismiss, it is virtually incomprehensible, and thus fails to put [the defendant] on sufficient notice of alleged wrongdoing"); Finley v. LaSalle Bank National Assoc., 2009 WL 34015453, at *2 n.4 (N.D. Cal. October 20, 2009) (rejecting the plaintiff's claims based on allegation that the defendants must possess and produce the original note in order to collect payment or else violate RESPA); Carroll v. Fremont Inv.& Loan Co., 2008 WL 4748177, at *2 (S.D. Cal. October 24, 2008) ("The mere fact that Defendants have failed to produce the original note thus far does not establish the likelihood of success on any of Plaintiff's . . . claims for violation of TILA. . . .").

[16]And see Federal Rule of Evidence 1003 which provides: "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

For these reasons, the court **RECOMMENDS** that any federal claims brought by Plaintiff based on a failure to produce the note or related documents be **DISMISSED WITH PREJUDICE**.

### e.      Constitutional Claims

In the complaint, Plaintiff asserts, "The singular issue which Defendant cannot adequately circumvent is the Fifth Amendment of the U.S. Constitution which prevents individuals from being deprived of life, liberty, or property without 'due process of law'.  Due process extends to all persons and 'corporate entities.'  The Fourteenth Amendment explicitly binds the state with due process protection, through 'selective incorporation'.  Due process requires Defendant to *prove* their legal 'right' to foreclose on Plaintiff's primary residence."  [Doc. 5, Count One-Lack of Standing, at 5-6 (emphasis in original)].  Plaintiff provides no factual assertions in support of any violation of her Fifth Amendment Due Process rights or her right to bring a constitutional challenge in relation to any foreclosure on her residence.  [Doc. 5].  This claim is subject to dismissal with prejudice for several reasons.

First, mere references to the Constitution are not sufficient to state a claim for relief on constitutional grounds.  Twombly, 127 S. Ct. at 1964-65.  Second, any non-judicial foreclosure action by Defendant does not call into play federal constitutional

28

due process rights. <u>See</u> <u>Michael-Edward v. U.S. Bank National Ass'n N.A.</u>, 2009 WL 112235, at *3 (D. Or. January 13, 2009) (granting motion to dismiss complaint alleging federal statutory and constitutional claims stemming from foreclosure and eviction) (citing <u>Easton v. Crossland Mortg. Corp.</u>, 114 F.3d 979, 982 (9th Cir. 1997) (per curiam)); <u>Russell v. Standard Federal Bank</u>, 2000 WL 1923513, at *2 (E.D. Mich. November 27, 2000) (granting motion to dismiss Fifth Amendment due process claim because "foreclosure by advertised sale . . . does not involve the requisite state action to bring a *prima facie* constitutional claim"); <u>Vlass v. Security Pacific National Bank</u>, 263 Ga. 296, 430 S. E. 2d 732 (1993) (rejecting equal protection challenge to non-judicial foreclosure sale).

In <u>Warren v. Government National Mortg. Ass'n</u>, 611 F.2d 1229 (8th Cir. 1980), the court held that the foreclosure of a deed of trust according to its contractual terms (i.e., under a power of sale clause and the non-judicial foreclosure statutes of the state) does not give rise to a cognizable claim under the Fifth Amendment unless powers otherwise exercisable by federal employees or officers were in any way used in the foreclosure. <u>Id.</u> at 1235. Plaintiff's complaint does not allege that powers exercisable by federal or state employees or officers may be in any way used in the threatened non-judicial foreclosure so as to make any attempted foreclosure sale the action of the

29

government and make the due process clause applicable. Nor does Plaintiff otherwise allege the requisite state or federal action necessary to state a constitutional claim. "Georgia courts take the position that there is no 'state action' involved, and therefore no constitutional objection to the sale [can be raised]. <u>Coffey Enterprises Realty & Dev. Co. v. Holmes</u>, 233 Ga. 937, 213 S.E.2d 882 (1975)." 2 Ga. Real Estate Law & Procedure § 21-72 (Pindar, 6th ed.). <u>And see</u> <u>Roberts v. Cameron-Brown Co.</u>, 556 F.2d 356, 358-60 (5th Cir.), <u>reh'g denied en banc</u>, 559 F.2d 1217 (1977) (reversing district court determination that the requisite nexus or interdependence existed to transform private mortgagee's exercise of a right of private foreclosure sale into the actions of the federal government such as to make due process clause applicable, even with respect to a federally assisted low-income housing mortgage).

For these reasons, the court **RECOMMENDS** that Plaintiff's claims of violation of the Fifth Amendment Due Process Clause be **DISMISSED WITH PREJUDICE**.

**f.     State Law Claims**

In addition to Plaintiff's federal claims, she also asserts claims based on state law. Plaintiff asserts in the complaint that she has applied for modification of her loan "on numerous times and alleges" that the "Georgia Code regarding Promissory Estoppel" has been violated. [Doc. 5, Statement of Facts, ¶ 6]. And Plaintiff contends

30

that Defendant violated state law, specifically O.C.G.A. § 44-14-162(b), which requires that any security interest or assignment of the interest be filed with the clerk of the superior court prior to the time of the sale and that Defendant did not comply with the statute in bringing the foreclosure action.  [Doc. 5, Count One-Lack of Standing, at 4-5].  Plaintiff also cites to the U.C.C. as requiring the production of various documents related to loan.[17]  [Id. at 8-9].  Plaintiff next contends that there was a fraudulent assignment.  [Doc. 5, Fraudulent Assignment, at 18-21].  In connection with Plaintiff's "statement of fact" that the "Georgia Code regarding Promissory Estoppel" has been violated, Plaintiff asserts that Defendant made promises to Plaintiff regarding modification of the loan and forbearance of foreclosure that were not fulfilled and which establish a violation of O.C.G.A. § 13-3-44.  [Doc. 5, Promissory Estoppel, at 21-23].  Plaintiff contends that in late April 2010, she spoke with individuals with Defendant BAC about modifying the loan and that she sent $4,000 to BAC for the purpose of obtaining a "forebearance [sic] agreement."  Although Defendant failed to comply with forbearance, Plaintiff asserts that her money has not

---

[17]"[T]he Uniform Commercial Code does not provide a basis for federal question jurisdiction.  [It] is not a federal statute. . . .  Thus, a civil action based on the UCC does not arise under the laws of the United States, and . . . does not provide a court with federal question jurisdiction."  Citibank, N.A. v. Gumbs, 2007 WL 3491744, at *4 (N.D. Ga. November 6, 2007) (citations omitted).

AO 72A
(Rev.8/82)

been returned to her.   [Id., Ex. D].   Finally, Plaintiff asserts that Defendant is a predatory lender based on the loan rate of 5.75% on the thirty-year loan originally set when the loan closed in April 2004 and that Defendant "breached its legal duty to act fairly and in good faith. . . ."   [Id. at 23-24, Ex. A].

Twenty-eight U.S.C. § 1367(c)(3) provides, in pertinent part, "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."   Because dismissal has been recommended on all of Plaintiff's federal claims, the court **RECOMMENDS** that supplemental jurisdiction not be exercised over Plaintiff's remaining state law claims and that they be **DISMISSED WITHOUT PREJUDICE**. See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

## IV.   Conclusion

For the forgoing reasons and cited authority, the court **RECOMMENDS** (1) that Defendant's motion [Doc. 8] to dismiss be **GRANTED**; (2) that Plaintiff's TILA claims be **DISMISSED WITH PREJUDICE**; (3) that Plaintiff's RESPA claims be

32

**DISMISSED WITH PREJUDICE**; (4) that any federal claims brought by Plaintiff based on a failure to produce the note or related documents be **DISMISSED WITH PREJUDICE**; and (5) that Plaintiff's claims of violation of the Fifth Amendment Due Process Clause be **DISMISSED WITH PREJUDICE**; and the court **RECOMMENDS** (1) that any other federal claims raised by Plaintiff in the complaint be **DISMISSED WITHOUT PREJUDICE** for failing to comply with Fed. R. Civ. P. 8 and failing to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[,]" Erickson, 127 S. Ct. at 2200; and (2) that supplemental jurisdiction not be exercised over Plaintiff's remaining state law claims and that they be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate this reference.

**SO RECOMMENDED AND ORDERED** this 6th day of October, 2010.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

33